UNITED STATES of America,
Plaintiff–Appellant,

v.

PROPLAST II or Proplast HA,
etc., Defendant–Appellee.

In re UNITED STATES of
America, Petitioner.

Nos. 91–2263, 91–2471.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1991.

* Chief District Judge of the Eastern District of

Paula C. Offenhauser, Asst. U.S. Atty.,
Ronald G. Woods, U.S. Atty., Samuel G.
Longoria, Asst. U.S. Atty., Houston, Tex.,
Eric M. Blumberg, Assoc. Chief Counsel
for Enforcement, Office of Gen. Counsel,
Rockville, Md., John S. Koppel, Douglas N.
Letter, Atty., Dept. of Justice, Civ. Div.,
Appellate Sec., Washington, D.C., for plain-
tiff-appellant.

Linda Marshall, Tom Alexander, Alexan-
der & McEvily, Houston, Tex., for Ho-
vamed, Inc. and Oral Surgery Marketing,
Inc.

Before CLARK, Chief Judge, and
JONES, Circuit Judge, and PARKER *,
District Judge.

PER CURIAM:

The United States applied to the District
Court for the Southern District of Texas
for a warrant for arrest, verified on oath
and conforming to the other provisions of
the procedural rules governing actions in
admiralty, seeking seizure of property for
an alleged federal statutory violation. On
the 7th day of March 1991, a judge of that
court issued a warrant for the seizure of
the described property. In an order filed
on the 13th day of March, another judge of
the same court rescinded the warrant. The
judge stated:

I do want it noted that by making this
ruling the Court makes no finding what-
soever on whether or not the products in
question are quality and/or up to any
standards whatsoever and are causing
any problems to the public.

Texas, sitting by designation.

I'm making it strictly on the pleadings filed in this case and the arguments of counsel.

On motion of the United States, this court stayed the district court's orders rescinding the seizure and ordering return of the property. This court has jurisdiction to review these actions of the district court under 28 U.S.C. § 1292(a)(1). Accordingly, we placed the matter on the emergency hearing calendar.

 Claimant contends that the seizure was based on inaccurate factual information and that it is entitled to a release of the property improperly seized. The United States opposes this contention. These claims cannot be summarily resolved by the district court through a process of weighing conflicting pleadings or affidavits at this preliminary stage of the proceeding or a process of evaluating the relative equities of the contending parties created by the seizure procedure. When a complaint which complies on its face with the provisions of the admiralty rules seeks forfeiture of articles of property alleged to be in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 334(b), the United States is entitled to secure a warrant for seizure and to maintain its seizure of the property described until a seizing court hears the matter on the merits of the conflicting claims.

While Supplemental Admiralty and Maritime Claims Rule E(4)(f) does not literally apply to this action, an expedited resolution is required by the facts presented. To balance a claimant's constitutional right to due process in a post-deprivation procedure, *see, e.g., Caine v. Hardy*, 943 F.2d 1406 (5 Cir.1991) (en banc), while at the same time accommodating the public health protection policy embodied in the Federal Food, Drug, and Cosmetic Act, a hearing on the merits should be scheduled at the promptest date practicable considering the court's emergency calendar and the ability of the parties to prepare and present the controversy to the court.

The orders of the district court filed March 13 and 18, 1991, are vacated and the cause is remanded for further proceedings consistent with the opinion.

The motion of the United States for a writ of mandamus is DENIED as moot.

VACATED and REMANDED.